**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY W. WALBERG, | No. 2:14-cv-0988-TLN-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding in propria persona, brings this civil action under 28 U.S.C. § 1331.  Pending before the court is defendants' motion to dismiss (Doc. 8).  The hearing on the motion was taken off calendar pursuant to Eastern District of California Local Rule 230(c), as no opposition to the motion was filed.  The matter was deemed submitted on the record and briefs without oral argument.

Plaintiff brings this action against the United States Postal Service (USPS) and an employee of the USPS for damages resulting from an automobile accident with a USPS truck.  Defendants bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction.  Defendants contend that this court lacks jurisdiction over plaintiff's claim as plaintiff failed to name the correct defendant.  No opposition to the motion

1    has been filed.

2                    A.  Motion to Dismiss Standards

3            Rule 12(b) (1) of the Federal Rules of Civil Procedure allows a defendant to move

4    for dismissal on the grounds that the court lacks jurisdiction over the subject matter.  See Fed. R.

5    Civ. P. 12(b)(1).  Plaintiff has the burden to establish that the court has subject-matter

6    jurisdiction over an action.  Assoc. of Med. Colls. v. United States, 217 F.3d 770, 778–779 (9th

7    Cir.2000).  "Federal courts are courts of limited jurisdiction. They possess only that power

8    authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be

9    presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

10   contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am.,

11   511 U.S. 375, 377 (1994) (citations omitted).

12            "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack,

13   the challenger asserts that the allegations contained in a complaint are insufficient on their face to

14   invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of

15   the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for

16   Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004).  When a defendant files a facial

17   challenge to jurisdiction,  all material allegations in the complaint are assumed true, and the

18   question for the court is whether the lack of federal jurisdiction appears from the face of the

19   pleading itself.  See  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004); see also  Meyer, 373

20   F.3d at 1039.  When a defendant makes a factual challenge "by presenting affidavits or other

21   evidence properly brought before the court, the party opposing the motion must furnish affidavits

22   or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."

23   Meyer, 373 F.3d at 1039.  The court need not presume the truthfulness of the plaintiff's

24   allegations under a factual attack.  See id.

25            Generally, leave to amend must be granted "[u]nless it is absolutely clear that no

26   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

1   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

2               B.  Discussion

3               Defendants contend plaintiff's complaint must be dismissed as it names the USPS

4   and an employee as defendants, not the United States.  Defendants argue that suits for property

5   damage caused by a federal employee's negligence can only be brought under the Federal Tort

6   Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq.,* against the United States.

7               As defendants state, the FTCA provides the exclusive remedy for tort claims

8   against the United States committed by governmental employees in the course and scope of their

9   employment.  See 28 U.S.C. § 1346(b); Kennedy v. U.S. Postal Serv., 145 F.3d 1077 (1998).  In

10   addition, a claim under the FTCA would be against the United States, not the individual

11   employee or federal agency.  See Kennedy, 145 F.3d at 1078.

12               Defendants cite Kennedy for support of their contention that dismissal is the

13   appropriate remedy in this action.  However, in the Kennedy case, the Court determined

14   dismissal was appropriate not solely because the plaintiff named an improper party as defendant,

15   but that amendment to the complaint would be futile as the claim the plaintiff was attempting to

16   raise was precluded by law.  See id. at 1078.  Here, however, defendants do not suggest an

17   action against the United States would be precluded.  The FTCA specifically provides that where

18   a federal employee is sued in a tort action, the Attorney General is to certify whether the

19   employee was acting within the scope of employment at the time of the incident, in which case

20   the United States is to be substituted as the defendant.  28 U.S.C. § 2679 (b)(1), (d)(1).  It is

21   unclear to the court why the Attorney General chose to bring a motion to dismiss rather that

22   simply substitute the United States as defendant.

23               However, it is plaintiff's burden to name the correct defendant to his action, and

24   to establish that the court has subject matter jurisdiction.  Here, plaintiff failed to file an

25   opposition to the motion in order to meet his burden.  It is clear from his complaint that this

26   action involves an automobile accident with a USPS truck.  As a federal agency cannot be sued

1    in its own name, and a federal employee acting within the scope of his employment is immune

2    from suit, the proper defendant to such an action is the United States.  Therefore, the complaint

3    fails to name the proper defendant, and should be dismissed for lack of subject matter

4    jurisdiction.  However, such a defect is potentially curable and plaintiff should be provided an

5    opportunity to file an amended complaint to cure this and any other defects in the complaint.  As

6    no other basis for dismissal was raised in the motion, the action should not be dismissed with

7    prejudice.

8              C.  Conclusion

9              Based on the foregoing discussion, the undersigned finds that plaintiff's complaint

10   fails to name the proper defendant, divesting this court of subject-matter jurisdiction.  However,

11   as the defect is subject to cure, plaintiff should be given leave to file an amended complaint. It

12   remains plaintiff's burden to establish the court has subject-matter jurisdiction over this action.

13             Plaintiff is informed that, as a general rule, an amended complaint supersedes the

14   original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus,

15   following dismissal with leave to amend, all claims alleged in the original complaint which are

16   not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th

17   Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior

18   pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An

19   amended complaint must be complete in itself without reference to any prior pleading.  See id.

20             Accordingly, the undersigned recommends that:

21             1.      Defendant's motion to dismiss (Doc. 8) be granted;

22             2.      Plaintiff's complaint be dismissed, but that leave to amend be granted; and

23             3.      Plaintiff be required to file an amended complaint within 30 days of these

24   findings and recommendations being adopted.

25   / / /

26   / / /

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   DATED:  March 1, 2016

9

10                                                          CRAIG M. KELLISON
                                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26